NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS–EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST, *on Behalf of Itself and All Others Similarly Situated,* <br><br> Plaintiff, <br><br> v. <br><br> MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.; DAVID MARTIN; PER DYRVIK; HUGH CORCORAN; UBS REAL ESTATE SECURITIES, INC.; UBS SECURITIES, LLC; MOODY'S INVESTOR SERVICES, INC.; and THE MCGRAW-HILL COMPANIES, INC. <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No.10-cv-898(DMC) <br><br> <u>CLASS ACTION</u> |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Local 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust ("Operating Engineers") for appointment as lead Plaintiff, and Pension Trust Fund for Operating Engineers ("Pension Trust Fund") cross-motion for appointment as lead Plaintiff. After considering the submissions of the parties, and based upon the following, it is the decision of this Court that Pension

Trust Fund's motion is **granted**, and Operating Engineers' motion is **denied.**

I.       BACKGROUND

The present action is a class action that alleges violations of the Securities Act on behalf of purchasers of Certificates, issued pursuant to a Form S-3 Registration Statement filed with the Securities Exchange Commission on or about December 16, 2005 (SEC File No. 333-130373), thereafter amended by the filing of a supplemental pre-effective Registration Statement on Form S-3/A dated April 4, 2006 ("the "Registration Statement"), and a later-filed Prospectus Supplement filed with the SEC on From 424B5 dated May 14, 2007 (collectively "the "Offering Documents"). The underlying claim involves underwriting guidelines and collateral requirements concerning these documents and statements, but the instant action is one to select the lead plaintiff in order to proceed with the action.

II.      LEGAL STANDARD

The appointment of lead plaintiff in class actions alleging violations of the Securities Act, Section 27(a)(3)(B) is governed by the Private Securities Litigation Act ("PSLRA"), 15 U.S.C. 77z-1(a)(3)(B), and the Court is to appoint as lead Plaintiff from amongst those seeking such appointment the movant or group of movants with the largest financial interest in the litigation. Additionally, the Securities Act provides that the Court "shall" appoint the "most adequate plaintiff" from amongst those who: (1) have either filed a complaint or moved for lead plaintiff in response to a notice"; (2) "ha[ve] the largest financial interest in the relief sought"; and (3) satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23.

III.     DISCUSSION

In the instant case, the action was commenced on February 22, 2010 in the United States

District Court for the District of New Jersey. On February 25, 2010, counsel for Plaintiff published a notice of the pendency of Plaintiff's case on *BusinessWire*, a widely circulated national business-oriented wire service. Operating Engineers then filed motion to be appointed lead plaintiff. Although there was initially disagreement and briefing by the parties as to the competing claims for appointment, in a letter to the Court dated May 24, 2010, counsel for Operating Engineers wrote "pursuant to the PSLRA, the Court is to appoint as lead plaintiff 'the person or group of persons with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23." Counsel for Operating Engineers then went on to endorse the choice of Pension Trust Fund as lead plaintiff, stating "Pension Trust Fund appears to assert the largest financial interest of any movant.." Since that statement renders any previous objection to the appointment of Pension Trust Fund as lead counsel irrelevant, the Court must conclude that the unanimous choice of the parties is that Pension Trust Fund be appointed lead plaintiff.

**IV.     CONCLUSION**

For the foregoing reasons, Pension Trust Fund's motion to be appointed lead plaintiff is **granted,** and Operating Engineers motion to be appointed lead plaintiff is **denied.**. An appropriate order follows this opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh

Date:       October   18  , 2010
cc:         Counsel of Record
            File

3